IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VANESSA J. JONES Esq. and,  **PLAINTIFFS**
JONES LAW FIRM PA

VS.           CIVIL ACTION: 2:25-cv-31-KS-MTP

HIGH RISE FINANCIAL, (HRF)  **DEFENDANTS**
ANY OTHER NAME FOR HIGH RISE FINANCIAL,
including associated companies of HIGH RISE FINANCIAL
HIGH RISE FINANCIAL PARENT COMPANY,
MIKE MACKIE individually and in his capacity of HRF
JOHN DOE COMPANY, JOHNE DOE individually

---

## COMPLAINT
### Jury Demanded

---

**COMES NOW**, Plaintiffs by and through their attorney and files this lawsuit for Predatory Lending, Violation of the State and Federal Lending Laws, Business Interference, Negligence, Negligence Per Se, misrepresentation, Bad Fatih, violating Truth in Lending Laws, Racketeering, Federal reserve Board laws, Federal depositors, State Claims, of vicarious liability with their serving company, intentional infliction of emotional distress, shock, fright, humiliation, embarrassment, malicious proceeding of a document, and fraudulent concealment against all Defendants as well as John Doe company and John Doe person.

## JURISDICTION AND VENUE

This suit is authorized and instituted pursuant to Laws of Predatory Lending, Title V and Title I and VII of the Civil Rights Act of 1991 where applicable in the claims sought. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a). There exist no administrative requirements in that High Rise Financial is not registered as a required licensee under the State of Mississippi, plaintiff attaches **exhibit[ 1]** as the search for business entity operating in Mississippi. (Plaintiff **Exhibit 1**).

2. Venue is proper pursuant to 28 U.S.C. Section 1391. The district Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## PARTIES TO THE COMPLAINT

1. Plaintiff, Vanessa J. Jones Esq. is an attorney located at 6088 U.S. Highway 49 Hattiesburg, Mississippi and may be served with service at that address.

2. Plaintiff Vanessa J. Jones Esq. Jones Law Firm PA is located at 6088 U.S. Highway 49 Hattiesburg, Mississippi and may also be served with service at that address.

3. Defendant High Rise Financial is located at 11110 Ohio Avenue, Suite 207 Los Angeles, CA 90025.

4. Defendant John Doe Company is not currently known by Plaintiffs but upon information and belief, there exist other entities that might have a stake in these proceedings.

5. Defendant John Doe person is not currently known by Plaintiffs but upon information and belief, there exist other entities that might have a stake in these proceedings.

## STATEMENT OF FACTS

6. On or around March 16, 2022[1], High Rise Financial, an unlicensed Predatory Lender loaning money in the state of Mississippi, violated the cause of actions as stipulated in this suit and which would include Miss. Code Ann. §15-1-49(1),; Miss. Code Ann. §75-2-725(2016). High Rise Financial (HRF) negligently filed a Bar Complaint against plaintiff for causes of actions that they were already told were foreclosed by the Statutes of Limitation in the matter. As a result, and after being warned that there exist a statute of limitations, High Rise Financial while having committed fraud and misrepresentation to both the client involved in the transaction but also made the plaintiff a witness for the misrepresentation and fraud, in bad faith. High Rise Financial propelled plaintiff to be a witness and aggravator in a frivolous complaint, when HRF knew that plaintiff was not the party whom "breached" what ever agreement with them. Please see exhibit 2, where HRF states that they had a contract with client, but called it a contract with plaintiff.

---

[1] March 16, 2025 fell on a Sunday, yesterday, and the driven cause of actions was commenced March 16, 2022, however, the statutes of limitation in bringing the claim is tolled for the next business day which is today March 17, 2025 today.

7. Additionally, HRF, with Mike Mackie, harmed plaintiffs when it forced plaintiff to follow the directions of the client after the client discovered that HRF was charging her at least 300% interest on money that they illegally gave to client as a borrower from HRF. Upon information and belief, and pursuant to the contract between client and HRF, HRF knew they were charging up to 100% of interest in only one month, when they started the date of the loan as 06/18/2018. please see **exhibit [3].** It is then that Mike Mackie and HRF interfered with the business of the plaintiff and the law firm by forcing plaintiff to be a witness in a predatory lending scheme birthed by defendants. Plaintiff contends that predatory lending is illegal in Mississippi, and after a search with the Mississippi Department of Banking and Consumer Finance, as well as the Secretary of State for a business license to operate in Mississippi, plaintiff had to inform her client to ask more question to HRF and to call the Mississippi Department of Banking and Consumer Finance, as well as the Secretary of State for proper protection. And without divulging client attorney information, plaintiff was then asked to bring a legal action on client's behalf against defendants, but client did not exercise same said action at that time.[2]

8. Plaintiff contends that the predatory lending by defendants was negligent and negligent because they filed complaint against plaintiff and stated that plaintiff signed contract with them which is simply not accurate and harmed plaintiff and her business which will be shown further in this suit. please see **exhibit 2.**

---

[2] Plaintiffs right to bring the action is ripe without client because irreparable harm has now come to Plaintiffs as a result of the schematic play put into action by defendants.

9. Furthermore, defendants even stated in their contract with client that they would not nor have any business interfering with the client and his attorney, but a close read of the facts of exhibit two, High Rise Financial is shown stating in the complaint that the attorney could have put the money in the court Registry[3].

10. Plaintiffs cause of action under Racketeering, Federal reserve laws, federal depositors, laws are found when HRF wired money to client with the expectations of a 300% interest charged and without being duly licensed to loan money to consumers in the state of Mississippi.

11. Plaintiff contends that HRF stated in exhibit 2, "attorney failed to respond to High Rise Financial after multiple attempts. Plaintiff is not responded either we believe on advice from attorney." Problematic with this statement is that defendants have not shown where they sent any demand via mail or even express mail, to plaintiff in this case, since they say no response was found. Moreover, Plaintiffs were not High Rise Financial Client nor customer, rather the client was, so no duty was owed to them from this plaintiff. As a result of the ill conduct, more specifically, the malicious filing of a document in fraudulent concealment with through wire fraud, and misrepresentation of a legal document, inter alia, by High Rise Financial, Mike Mackie and any other entity that helped the scheme and harm to plaintiff, plaintiff has suffered tremendous mental anguish, intentional and negligent distress, shock, fright, humiliation, embarrassment.

---

[3] Plaintiff is not sure what a court registry is, but for the clarity of facts, plaintiff states the facts as written by Mike Mackie and High Rise Financial.

Plaintiff makes certain that the department of banking and consumer finance in Mississippi holds that: "

- Title 5: Banking and Consumer Finance Part 3: Consumer Finance Activities Part 3 Chapter 1: Small Loan Regulatory Law and Small Loan Privilege Tax Law: Rule 1.1 Purpose - Amendment of Prior Rules- These Regulations are promulgated pursuant to Miss. Code Ann. §75-67-129 of the Small Loan Regulatory Law, Miss. Code Ann. §75-67-243 of the Small Loan Privilege Tax Law, and other applicable statutes to establish administrative procedures required by the Department of Banking and Consumer Finance and shall be applicable to Licensees under the Small Loan Privilege Tax Law and to transactions covered by the Small Loan Regulatory Law. These Regulations are not intended to create any private right, remedy, or cause of action in favor of any borrower or against any Licensee, nor are these Regulations intended to apply to any business transaction of a Licensee not covered by Mississippi Law. While these Regulations are intended to and do supersede all prior Rules, Regulations and Guidelines of the Department of Banking and Consumer Finance, these Regulations are intended only to clarify the existing law (both statutory and regulatory) governing the small loan business. These Regulations do not create any new or substantive rights in favor of any borrower or against any Licensee, regardless of whether the loan was made prior to or after the effective date of these Regulations. Source: Miss. Code Ann. § 75-67-129; Miss. Code Ann. § 75-67-243; Effective date March 30, 2006 Rule 1.2 Definitions. The following words and phrases, when used in these Regulations or in the related statutes shall, for the purposes of these Regulations, have the meanings respectively ascribed to them in this section, except where the context clearly describes and indicates a different meaning: 1. "Actuarial Method" shall have the same meaning as it is used in the Federal Truth-InLending Act in determining the annual percentage rate. 2. "Commissioner" means the Commissioner of the Department of Banking and Consumer Finance of the State of Mississippi. 3. "Department" means the Department of Banking and Consumer Finance of the State of Mississippi. 4. "Licensee" means any person holding a license from the Department of Banking and Consumer Finance to conduct business under the Small Loan Privilege Tax Law and the Small Loan Regulatory Law. 5. "Loan" means a loan that is made to individuals primarily for personal, family or household purposes. Licensing under the Mississippi Small Loan Regulatory Law and Small Loan Privilege Tax Law does not apply to persons engaged in the business of extending credit to borrowers primarily for business or commercial purposes. 6. "Pre-computed Loan" means a loan on which the finance charge is calculated for the entire term of the loan and added to the State Amount Financed to determine the total amount of payments. 7.

"State Amount Financed" means the amount financed as defined by the Federal Truth-In- 2 Lending Act and Regulation Z, plus the closing fee authorized by state law, including all charges in the amount of credit extended which are not a part of the finance charge, the total being the amount of credit which will be paid to the borrower or to another person on his behalf. The following are a part of the State Amount Financed and not a part of the finance charge: (i) actual cost of authorized insurance premiums (ii) closing costs excluded from the definition of finance charge by State law; and (iii) any reasonable fee paid to an attorney for the investigation of a title. 8. "State Contract Rate" means the annual percentage rate of the finance charge determined by the actuarial method for the term of the loan, calculated on the State Amount Financed, as defined herein. 9. "State Finance Charge" represents an amount paid by the debtor for receiving a loan that is calculated by using the State Contract Rate, the term of the note and the State Amount Financed. 10. "Term of Loan" means the period of time from the date of the loan through the scheduled date of the final payment. 11. "The Rule of 78's" is a formula used for calculating earnings and rebates for pre-computed loans. 12. "Total Amount of Note," "Total Amount of Loan," "Total Payments" and "Total Amount Repayable" each mean the total sum of payments to be paid by the borrower to the lender according to the schedule of payments. Source: Miss. Code Ann. § 75-67-129; Miss. Code Ann. § 75-67-243; Effective date March 30, 2006 Rule 1.3 Insurance: General 1. All insurance policies issued by or through a Licensee.

As such, Plaintiffs avers that each and every element of predatory lending as well as the claims sought in this suit is actionable under the Federal lending laws and thereby actionable in this cause of action.

## CAUSE OF ACTION

High Rise Financial is liable to plaintiffs for Predatory Lending, Violation of the State and Federal Lending Laws, Business Interference, Negligence, Negligence Per Se, misrepresentation of a legal document, misrepresentation, Bad Fatih, violating Truth in Lending Laws, Racketeering, Federal reserve Board laws, Federal depositors, State Claims, of vicarious liability with their serving company, intentional infliction of

emotional distress, shock, fright, humiliation, embarrassment, malicious proceeding of a document, and fraudulent concealment against all Defendants as well as John Doe company and John Doe person, of whom are liable to Defendant/Plaintiffs such violations as well as those causes that might not be listed at this time.

Respectfully Submitted this the 17th day of March, 2025

/s/Abby Robinson 105157
Abby Robinson & Associates Law Firm PLLC.
227 E. Pearl Street
Jackson, MS 39201
ph. 601-321-9343
Fax. 601-487-6326
Email: