IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VANESSA J. JONES Esq. and,　　　　　　　　　　PLAINTIFFS
JONES LAW FIRM PA


VS.　　　　　　　　CIVIL ACTION:2:25-cv.31-KS-MTP

HIGH RISE FINANCIAL, (HRF)　　　　　　　　　DEFENDANTS
ANY OTHER NAME FOR HIGH RISE FINANCIAL,
including associated companies of HIGH RISE FINANCIAL
HIGH RISE FINANCIAL PARENT COMPANY,
MIKE MACKIE individually and in his capacity of HRF
JOHN DOE COMPANY, JOHNE DOE individually

---

### MEMORANDUM TO SUPPORT PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT

---

**COMES NOW,** Plaintiffs by and through their attorney and files this motion for an extension of time to serve summons and complaint to defendants.

Plaintiffs have attempted service in California, but defendants will not answer the commercial door, and instead, placed a note on the door of COVID-19 restrictions and to call 310-876-8086, which is no good. Please see **exhibit 1, 2, and 3.**

Therefore, additional time is needed to serve pursuant to law.

In good faith, plaintiff cites the following law to the court to prevent additional memorandum filings of law. The good cause standard requires the 'party seeking relief to

show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *SW. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir.2003) (citing *S & W Enters., LLC* 315 F.3d at 535 (5th Cir.2003)); see *Rivera,* 2007 U.S. Dist. LEXIS 41401, at *2, 2007 WL 1655303.

Now pending before the Court is Defendants' belated "Agreed Motion for Extension of Deadlines" filed on September 11, 2017. (Dkt. No. 28). All parties seek, either explicitly or implicitly, an extension of the discovery deadline, the deadline to amend pleadings, and the deadline to file contested motions. (*Id.* at 1–2). The parties argue that, despite their due diligence, they have been unable to meet the Court's deadlines because of unforeseen circumstances, such as difficulty in finding a translator for a deposition, Hurricane Harvey, and preparations for a trial in state court. The Court thus examines whether the parties' motion may be granted on the bases of "excusable neglect" and "good cause." For the reasons that follow, the Court decides that query in the affirmative. This Court enjoys "broad discretion to grant or deny a extension" and the "excusable neglect" standard is "quite elastic in its application." *Salts v. Epps,* 676 F.3d 468, 474 (5th Cir. 2012) (quoting Wright & Miller, Fed. Practice & Procedure § 1165) (internal quotations omitted). Factors relevant to the determination of excusable neglect include: (1) "the possibility of prejudice to opposing parties," (2) "the length of the [movant's] delay and its impact on the proceeding," (3) "the reason for the delay and whether it was within the control of the movant," and (4) "whether the movant has acted in good faith." *Id.*

Weighing these factors together, the Court finds that Defendants' neglect is excusable. First, there is little, if any, prejudice to Plaintiff because all parties agreed to the instant motion. Second, any delay by Defendants is negligible because no trial date has been set and extending the above deadlines will not cause undue delay to the ultimate resolution of this matter. *But cf. Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 747 (N.D. Tex. 2014). The Court next examines whether there is "good cause" to grant Defendants' " Agreed Motion for Extension of Deadlines." *See, e.g., Graham v. HRchitect, Inc.*, No. 4:16–CV–743, 2017 WL 3216609, at *1 (E.D. Tex. July 28, 2017) ("A party seeking an after-the-fact extension [of a scheduling order] bears a heavier burden of demonstrating both 'good cause' and 'excusable neglect.' "); *Richardson v. St. Phillips Coll.*, No. CIVASA08CV0054FBNN, 2008 WL 4724502, at *1 (W.D. Tex. Oct. 24, 2008) ("Failing to address [both] good cause and excusable neglect is reason to deny the motion [to amend the scheduling order]."). A scheduling order may only be modified for "good cause" and with the judge's consent. Fed. R. Civ. P 16(b)(4). The Fifth Circuit instructs lower courts to balance the following four factors in deciding whether the good cause standard has been satisfied: "(1) the explanation for the failure [to adhere to the deadlines]; (2) the importance [of the proposed modification to the scheduling order]; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (internal quotations omitted).

*2 The Court finds that the balance of factors weighs in favor of amending the amended scheduling order. First, each party requires adequate time to prepare its case. Second, the deposition of Plaintiff via a translator is important to case preparation and weighs in favor of a second amended scheduling order. Third, granting the motion gives rise to no prejudice because Plaintiff does not oppose the relief sought, thereby rending the fourth factor moot. For these reasons, the Court **GRANTS** Defendants' "Agreed Motion for Extension of Deadlines" *Arreola v. Zapata Cty., Texas,* No. 5:16-CV-00285 (S.D. Tex. Sept. 12, 2017).

Respectfully Submitted this the 15th day of April, 2025

/s/**Abby Robinson 105157**
**Abby Robinson & Associates Law Firm PLLC.**
**227 E. Pearl Street**
**Jackson, MS 39201**
**ph. 601-321-9343**
**Fax. 601-487-6326**
**Email:**